**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4813**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

RICHARD LEE ROCKETT, JR., a/k/a Richard L. Rockett, a/k/a
ABQ_Tbirds,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony John Trenga,
District Judge. (1:09-cr-00477-AJT-1)

_____

Submitted: April 27, 2011              Decided: May 31, 2011

_____

Before NIEMEYER, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Brian Mizer,
Assistant Federal Public Defender, Caroline S. Platt, Research
and Writing Attorney, Alexandria, Virginia, for Appellant.  Neil
H. MacBride, United States Attorney, Tracey Doherty-McCormick,
Jay V. Prabhu, Assistant United States Attorneys, Ferdose al-
Taie, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Lee Rockett, Jr., appeals his conviction after a bench trial on one count of using a facility of interstate commerce to attempt to induce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b) (2006). Rockett claims on appeal that the district court abused its discretion in excluding the testimony of the two expert witnesses who testified at trial. We affirm.

Under Fed. R. Evid. 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. Rockett claims that the district court excluded the testimony of Dr. Butters and Bruce Koenig, experts who analyzed the Internet chat logs and audio recordings of conversations Rockett had with an Alexandria, Virginia police detective posing as a thirteen- and fourteen-year-old girl, when it ruled that their testimony was "irrelevant" to the issue of whether Rockett believed he was corresponding with a teenaged girl. In Rockett's view, this expert testimony bolstered his defense that he lacked the specific intent to violate § 2422(b), and the district court reversibly erred in excluding such testimony.

After reviewing the record, we conclude that the district court did not exclude the testimony of Rockett's experts. Rather, the court allowed the testimony to be admitted into evidence and simply concluded that Butters' and Koenig's testimony was entitled to no weight on the issue of Rockett's subjective belief as to the age of the individual with whom Rockett was corresponding. Accord United States v. Fowler, 932 F.2d 306, 315 (4th Cir. 1991) (noting that the inquiry as to whether a defendant acted with a specific intent to violate the law is a factual issue that a trier of fact regularly decides). An assessment of the weight, if any, to be accorded to Butters' and Koenig's testimony was properly within the province of the district court acting as the trier of fact. See United States v. Scheffer, 523 U.S. 303, 313 (1998) ("Determining the weight and credibility of witness testimony . . . has long been held to be the part of every case [that] belongs to the [trier of fact]." (internal quotation marks omitted)); see also United States v. Esle, 743 F.2d 1465, 1474 (11th Cir. 1984) ("In making . . . a determination [as to the weight, if any, it shall give to expert testimony], a trial court as fact finder need not be bound by expert testimony even if all of the witnesses are presented only by one side." (internal quotation marks omitted)), overruled on other grounds by United States v. Blankenship, 382 F.3d 1110, 1122 n.23 (11th Cir. 2004).

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decision process.

AFFIRMED